**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**

Libertas Funding, LLC

Plaintiff,

-against-

SDLA COURIER SERVICE, INC **and** James Elmer Goodman Jr.,

Defendant(s).

Index No. 5:24-cv-1199 (GTS/ML)

**VERIFIED COMPLAINT**

Plaintiff, Libertas Funding, LLC, by its attorney Steven Zakharyayev, Esq. as and for its complaint against Defendant(s) herein, alleges as follows:

1. Plaintiff Libertas Funding, LLC ("Plaintiff") is a New York limited liability company engaged in the receivable financing business.
2. Upon information and belief, SDLA COURIER SERVICE, INC ("Defendant-Seller") is a foreign corporation.
3. Defendant James Elmer Goodman Jr. ("Defendant-Guarantor") is an individual residing in the State of TEXAS and/or CALIFORNIA and upon information and belief is a principal of defendant-seller.
4. Pursuant to a receivable purchase agreement and personal guaranty dated JANUARY 31, 2024 (the "Agreement"), Plaintiff purchased a percentage of the Defendant-Seller's total future accounts receivable up to the sum of $1,890,000.00 ("Purchased Amount") in exchange for an upfront purchase price of $1,500,000.00 ("Purchase Price") A copy of the merchant agreement is attached as EXHIBIT A.
5. The Agreement contains the parties' express consent to the jurisdiction of the courts located in the State of New York.

6. Pursuant to the Agreement, Plaintiff was authorized to collect via an ACH electronic debit of the Future Receivables, until such time that Plaintiff collected the total amount of purchased receivables.

7. Critical to facilitating this transaction, the Agreement contains Defendant-Seller's express covenant not to revoke its ACH authorization to Plaintiff or otherwise take any measure to interfere with Plaintiff's ability to collect the Future Receivables.

8. Contrary to Defendant-Seller's express covenant set forth above, Defendant-Seller materially breached the terms of the Agreement on AUGUST 1, 2024 by changing the designated bank account without Plaintiff's authorization, by placing a stop payment on Plaintiff's debits to the account or by otherwise taking measures to interfere with Plaintiff's ability to collect the Future Receivables. A copy of the remittance history is attached as EXHIBIT B.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract as to Defendant-Seller)**

9. The Agreement provides that Defendant-Seller shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

10. As a result of Defendant-Seller's breach of the provisions set forth above, Defendant-Seller has defaulted under the Agreement.

11. Pursuant to the Agreement, in the event of Defendant-Seller's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $1,046,555.00 in undelivered Future Receivables.

12. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller to Plaintiff the amount of $1,046,555.00 with interest thereon from AUGUST 1, 2024.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Guaranty as to Defendant-Guarantor)**

13. The Agreement contains Defendant-Guarantor's separately executed and unconditional guarantee of payment in the event of default under the Agreement by Defendant-Seller ("Guaranty").

14. As a result of Defendant-Seller's breach and default under the Agreement as set forth above and pursuant to the Guaranty, there is presently due and owing from Defendant-Guarantor to Plaintiff the amount of $1,046,555.00 with interest thereon from AUGUST 1, 2024.

**WHEREFORE**, Plaintiff demands judgment against defendants on the respective causes of action in the amount of $1,046,555.00, plus interest from AUGUST 1, 2024 and costs and attorneys' fees, for such other and further relief as this Court may deem just and proper.

Dated: August 26, 2024
New York, NY

*By:/s/ Steven Zakharyayev* ________
STEVEN ZAKHARYAYEV, ESQ
10 W 37th Street, RM 602
New York, NY 10018
(201) 716-0681
*Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**

Libertas Funding, LLC,

Plaintiff,

-against-

SDLA COURIER SERVICE, INC and James Elmer Goodman Jr.,

Defendant(s).

x

**Index No.** ____________________

**VERIFICATION BY A PARTY**

STATE OF NEW YORK)

COUNTY OF WESTCHESTER)

RICKY PALACIO, being duly sworn, hereby deposes and states the following:

I am a(n) CUSTOMER SERVICE REPRESENTATIVE of Libertas Funding, LLC in the within actio I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my ow knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matter I believe them to be true.

The foregoing statements are true under penalties of perjury.

RICKY PALACIO

ACKNOWLEDGEMENT

STATE OF New York )
): 
COUNTY OF Westchester )

On August 27 2024, The foregoing instrument was acknowledged before me by means of [✓] physical presence or [ ] online notarization by RICKY PALACIO who is personally known to me or proved to me on the basi of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his representative capacity, and that by his signature on the instrument, he executed th instrument.

ANNETTE D SHANNON
Notary Public - State of New York
No. 01SH6355895
Qualified in Queens County
My Commission Expires 03/20/2025